ELIJAH, Appellant, v. WRIGHT, Respondent.

(No. 3,676.)

(Submitted May 19, 1916. Decided June 19, 1916.)

[158 Pac. 475.]

*Real Property—Use and Occupation—Conversion—Complaint—Insufficiency — Pleading — Reply — Presumptions—Amendments.*

Real Property—Use and Occupation—Conversion—Complaint—Insufficiency.
1. A complaint alleging defendant's occupancy and use of plaintiff's land, the value of its use, refusal to pay and that the defendant fed the hay raised thereon, but failing to aver acts which constituted a breach of contract or a civil wrong, was insufficient to state a cause of action.
Pleading—Insufficient Complaint not Aided by Reply.
2. Since the allegations of a reply are deemed by the statute to be denied, they cannot aid an insufficient complaint.
Same—Writing—Presumptions.
3. For the purposes of pleading, it will be presumed, in the absence of an allegation to that effect, that a lease was in writing, if a writing was necessary to its validity.
Same—Amendment—When Refusal not Error.
4. Where, if allowed, the defect in a complaint would not have been cured by an amendment offered during trial, its refusal was not error.

[As to implied contract to pay rent for use of another's land for grazing cattle, see note in Ann. Cas. 1912C, 1147.]

*Appeal from District Court, Fergus County; Roy E. Ayers, Judge.*

Action by David Elijah against William F. Wright. Judgment for defendant and plaintiff appeals from it and an order denying him a new trial. Affirmed.

*Mr. E. G. Worden* and *Mr. E. W. Mettler,* for Appellant, submitted a brief; *Mr. Worden* argued the cause orally.

*Mr. J. C. Huntoon,* for Respondent, submitted a brief.

MR. JUSTICE SANNER delivered the opinion of the court.

The complaint in this action is in three divisions. The first of these divisions alleges plaintiff's ownership of certain lands

---

As to when action for use and occupation will lie, see notes in 14 L. R. A. 156 and 26 L. R. A. 802.

and premises; "that during the year 1909 the defendant, William F. Wright, occupied and farmed the said lands and premises; that the use of said premises for the year 1909 was reasonably worth the sum of $1,075.92; that defendant has not paid the same or any part thereof," *etc.* The second division is in precisely similar terms, save that the year mentioned is 1910 and the value alleged is $215.36. The third division alleges that in November, 1908, "the defendant fed to his stock, and thereby converted to his own use and benefit, five tons of hay and five loads of straw, the property of J. H. Elijah, of the reasonable value of $75; that J. H. Elijah assigned his claim to plaintiff; and that the same has not been paid." A general demurrer to this complaint was overruled; whereupon the defendant filed his answer containing, among other things, an affirmative plea that he occupied and farmed the lands, and became entitled to the crops, pursuant to a lease from plaintiff's grantor in 1906. By way of reply the plaintiff admitted that defendant's possession and operations were pursuant to the lease pleaded by the defendant, but alleged that said lease was oral and void as against him, the purchaser of said land in 1907, because it was by its terms not to be performed within one year.

The errors assigned present two questions whether the complaint states any cause of action standing alone, or as aided by the answer, and whether there was error in refusing to allow certain amendments during the trial.

That the complaint, standing alone, does not state any cause [1] of action, seems to us perfectly clear. One may certainly occupy and farm another's land and feed another's hay without any liability either in contract or in tort. He may do it as an agent, for the other's use and benefit, or he may do it for his own use and benefit, with the other's consent, or he may do it as a tenant under valid lease, holding over after transfer of the fee. One may also farm another's land and feed another's hay and be liable, yet not liable for the value of such use or hay, because of a special contract. To state a

cause of action, facts must be alleged which put the defendant in fault. The complaint is barren of any allegation sufficient to characterize the defendant's acts as a breach of contract or as a civil wrong.

Neither, in our opinion, was the complaint aided by the answer. Confessedly the so-called third cause of action was not [2, 3] so aided. As to the first and second the claim to such aid is based upon the plea of a lease in the answer, coupled with the allegation of the reply that such lease was oral. The allegation of the reply may be disregarded. Deemed by the statute to be denied, it could not aid the complaint, nor, for the purposes of the pleading, characterize the lease. According to the answer there was a lease. Whether the lease was written or oral is not stated, but for the purposes of pleading it will be presumed to have been written, if a writing is necessary to its validity. How the complaint could be aided by saying that the defendant farmed the premises and took the crops under a valid written lease is beyond our comprehension.

The plaintiff first sought leave to amend his complaint by [4] alleging that the occupancy and use of the land during 1909 and 1910 was for the defendant's "own use and benefit." This being refused, he later sought and was denied leave to insert in both the first and second causes of action the following: "(1a) That during the years 1906 and 1907 the defendant occupied and farmed the said premises under an oral lease with E. H. Huffmaster, the then owner of said premises, and that during the month of November, 1907, the said Huffmaster sold and conveyed said premises to plaintiff, but that the said defendant remained in possession of and farmed the said premises until and including the year 1909, as hereinafter set forth." Neither of these proposed amendments cured the defects in the complaint, and for that reason alone their refusal may be justified.

The judgment and order appealed from are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.